U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANN VINCENT, ET AL | : | DOCKET NO. 06-1522 |
| VS. | : | JUDGE TRIMBLE |
| ALLSTATE INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Allstate Insurance Company's Motion for Partial Summary Judgment and Dismissal of Plaintiffs' Claims Under the Louisiana Valued Policy Law" (doc. #23) wherein the mover seeks to have this court enter partial summary judgment declaring that (1) Plaintiffs' recovery, if any, under their homeowners' policy, should be offset by the total amount recovered under their flood policy, and  (2) the Louisiana Valued Policy Law ("LPVL") is inapplicable to this case dismissing any LVPL claims.

## FACTUAL STATEMENT

The following facts are not in dispute.  Plaintiffs' own property located at 1138 Arsene LeBleu Road in Lake Charles, Louisiana.  The property was destroyed as a result of Hurricane Rita. The property was covered by a Flood Policy issued under the National Flood Insurance Program ("NFIP").  As a result of the flood damage, Plaintiffs filed a claim under their Flood Policy and recovered the following full policy limits as follows: (1)  damage to the dwelling in the amount of $110,000.00, and (2) damage to the contents in the amount of $31,500.00.  The flood adjuster estimate prepared in connection with Plaintiffs' flood insurance claim provided that the actual cash

value of Plaintiffs' property is $122,928.00.

Allstate Insurance Company ("Allstate") issued a homeowner insurance policy to Plaintiffs which provided certain coverage on the same property, however it excluded damages caused by flood.[1] Pursuant to a claim filed by Plaintiffs, Allstate paid (1) $95,896.19 for damage to the dwelling, (2) $40,720.81 for damage to other structures, (3) $30,662.05 for damage to contents, (4) $892.66 for additional living expenses, and (5) $6,815.75 for mold remediation. The homeowners' policy limits are as follows: (1) dwelling – $180,200.00, (2) other structures – $18,020.00, (3) Personal Property – $126,140.00, and (4) additional living expenses – 12 months.

Plaintiffs filed suit alleging that "Allstate is liable to the Plaintiffs for the policy limits under its policy issued to the Plaintiffs because all of the damage sustained to the Plaintiffs' dwelling, contents and personal property was a result of Hurricane Rita, which cause is covered under Allstate's policy."[2]

Plaintiff's expert report, prepared by Shannon Spell states that "[i]n my professional opinion, all recent damage summarized within this report is consistent with the application of hurricane force winds applied to the overall structure of the residence as well as severe water damage as a result of flooding or storm surge."[3]  Allstate has filed the instant motion for summary judgment because "Plaintiffs have taken the position, both in their Petition and in the course of litigation, that Allstate is liable for the full amount of the policy less amounts paid by Allstate."[4]  In their opposition to the

---

[1]  Plaintiffs dispute the definition of "flood."

[2]  Petition for damages, ¶ 4.

[3]  Allstate exhibit E, p. 2.

[4]  Allstate's memorandum, p. 4.

2

motion for summary judgment, Plaintiffs assert that they are due approximately $30,000 for the dwelling, $66,000 for contents and $30-40,000 for additional living expenses.  Plaintiffs also seek penalties and attorneys' fees under Louisiana Revised Statutes 22:658 and/or 22:1220.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[6]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[7] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[8] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[9] The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material

---

[5]  Fed. R.Civ. P. 56(c).

[6]  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[7]  *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[8]  *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[9]  *Anderson,* 477 U.S.  at 249.

fact or law.[10]  There is no genuine issue of material fact if, viewing the evidence in the light most

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[11]

If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted."[12]

## LAW AND ANALYSIS

Allstate maintains that this Court should hold that the Plaintiffs are estopped from seeking

recovery for the same losses that were already paid under their flood policy, and that any recovery

by Plaintiffs under their homeowners policy must be offset by the amounts paid to Plaintiffs under

their flood policy.  In their statement of material facts, Plaintiffs assert that "[f]lood" is not defined

in Defendant's policy, thus, other than to admit that water caused some of the damage to the

Plaintiffs' home following Hurricane Rita, one cannot characterize damage to the home and property

as having been "caused by flood" for purposes of Allstate's "flood" exclusion.  We disagree.

In the case of *In Re: Katrina Canal Breaches Litigation,*[13] the Court was called to interpret

the Flood Exclusion in a number of insurance policies including the exclusion that appears in the

Allstate Homeowners' Policies.  The court found that just because a term is not defined in the Policy,

it does not mean that that term is ambiguous,[14] and concluded that it would be impossible for a policy

---

[10]  *Celotex Corp. v.  Catrett,* 477 U.S. 317, 324 (1986).

[11]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[12]  *Anderson,* 477 U.S. at 249-50.

[13]  No. 07-30119, 2007 WL 2200004 (5th Cir. 2007).

[14]  *Id.* at *12.(quoting *Am. Deposit Ins.Co. v. Myles,* 783 So.2d 1282, 1287 (La.2001).

4

to define all of its terms.[15]  The Court defined "flood" based on its "generally prevailing meaning"[16] and concluded that "[w]hen a body of water overflows its normal boundaries and inundates an area of land that is normally dry, the event is a flood."[17]  The Court ultimately concluded that flood is in fact excluded under these policies.  The court adopts the reasoning and definition pf "flood" as it pertains to the flood exclusion in the Allstate Policy.

*NFIP Offset*

Allstate seeks a ruling which declares that Plaintiffs' recovery, if any, under their homeowners' policy, should be offset by the total amount recovered under their flood policy.  It is undisputed that the Property sustained damages from flood and/or water surge and that Plaintiffs made a claim and were paid the full policy limits under their Flood Policy.[18]  In *In re Cameron Parish Rita Litigation,*[19] the court addressed that same issue and  ruled that "[p]ayments already made under the NFIP for flood damage shall have no bearing on the plaintiffs' recovery for **segregable wind damage** under the [insurance] policy"(emphasis added).  Even though Plaintiffs will not be estopped from making a claim against their homeowners' policy, where the flood insurer has settled an insured's claim by paying policy limits (which has happened in this case), Plaintiffs will be estopped from recharacterizing, as wind damage, losses for which they have accepted flood

---

[15]  *Id.* at *14.

[16]  *Id.* at *15.

[17]  *Id.* at *18.

[18]  Allstate exhibit B, Plaintiffs' Answers to request for Admissions No. 1-4.

[19]  2007 WL 2066813, at *6 (W.D. La.).

5

insurance compensation.[20] Accordingly, the motion will be granted to the extent that Plaintiffs will be estopped from recharacterizing, as wind damage, losses for which they have accepted flood insurance compensation.

*Louisiana Valued Policy Law*

Allstate maintains that Plaintiffs should be estopped from seeking recovery under the Louisiana Valued Policy Law ("LVPL")[21] because the total loss was not caused, in whole, by a covered peril. Allstate asserts and Plaintiffs do not deny that the property was destroyed by a combination of flood and wind. In *Chauvin v. State Farm Fire and Casualty Company,*[22] the court held that the LVPL does not apply when a total loss is not caused in whole by a covered peril (or perils).[23] Accordingly, because there is no dispute that the property was partially destroyed/damaged by a non-covered peril (flood), the LVPL is not applicable, and Allstate will only be responsible for the percentage of loss attributable to a covered peril.

---

[20] See *SIMA/Signature v. Certain Underwriters at Lloyds London,* 2006 WL 3538862 at *3 (S.D. Miss.); *Glover v. Nationwide Mut. Fire Ins. Co.,* 2006 WL 3780858 at *1 (S.D. Miss.).

[21] The LVPL provides, in pertinent part:

Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation *without deduction or offset,* unless a different method is to be used in the computation of loss . . . .(emphasis added)

[22] 450 F.Supp.2d 660 (E.D. La. 2006).

[23] See also *Cameron Parish Rita Litigation, supra; Turk v. La. Citizens Prop. Ins. Corp.,* No. 06-0144, 2006 WL 1635677 (W.D. La. 2007); *Richard v. State Farm,* 06-1134, 2006 WL 3499901 (W.D.La. 2006).

6

## CONCLUSION

For the reasons set forth above, the motion for partial summary judgment will be granted in part and denied in part.  The motion will be granted to the extent that Plaintiffs are estopped from recharacterizing, as wind damage, losses for which they have accepted flood insurance compensation, and Allstate is obligated to pay for losses which are attributable to wind damage -- a covered peril; the motion will also be granted to the extent that the Louisiana Valued Policy Law is not applicable dismissing any such claims pursuant to the LVPL; otherwise, the motion will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of September, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

7